# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: J.P., M.P., & F.P.**

**No. 14-0781** (Kanawha County 13-JA-44, 13-JA-45, & 13-JA-46)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Sandra Bullman, appeals the Circuit Court of Kanawha County's April 1, 2014, order terminating her parental rights to six-year-old, J.P., five-year-old, M.P., and three-year-old, F.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem ("GAL"), Jesse Forbes, filed a response on behalf of the children that supports the circuit court's order and also filed a supplemental appendix. On appeal, Petitioner Mother alleges that the circuit court erred in terminating her parental rights and denying her post-termination visitation to the extent that the circuit court allowed post-termination visitation to be determined in the discretion of the children's custodian.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 16, 2013, Petitioner Mother overdosed on prescription medication, resulting in an investigation by Child Protective Services ("CPS") and law enforcement.[1] The investigation revealed that Petitioner Mother's home was uninhabitable, with trash, rotten food, and feces throughout the house, and broken glass and knives on the floor. Prior to leaving the residence, CPS directed the father to clean the home. Four days later, CPS returned to the home and observed that it was in an acceptable condition. However, on February 23, 2013, CPS inspected the home again and discovered that it was again in a deplorable condition. As a result, the DHHR filed an abuse and neglect petition alleging that Petitioner Mother failed to provide the children with the necessary food, clothing, supervision, and housing.

The next month, Petitioner Mother waived her right to a preliminary hearing and was granted services including, but not limited to, therapy, supervised visitation, telephone contact with her children, parenting and adult life skills classes, and bus passes to facilitate her attendance. In April of 2013, Petitioner Mother admitted that she failed to provide the children

---

[1]It is unclear from the record whether Petitioner Mother possessed a valid prescription for the medication(s) on which she overdosed.

with the necessary food, clothing, and supervision, and that the home was unfit for human habitation. Petitioner Mother was granted a post-adjudicatory improvement period directing her to continue the above-mentioned services, in addition to attending individualized parenting, individualized therapy, and to seek psychiatric treatment.

The circuit court held review hearings in July and October of 2013 and found that Petitioner Mother substantially complied with her improvement period and granted her extensions of the same. Additionally, the circuit court directed the DHHR to provide Petitioner Mother with a medical card to pay for psychiatric treatment. In March of 2014, the DHHR filed a court summary indicating that Petitioner Mother admitted to leaving the children in the care of an inappropriate individual after being advised that the children should not be spending time in this individual's company.[2] Further, Petitioner Mother admitted that she lied about her employment status. The following month, the circuit court held a dispositional hearing, at the conclusion of which it found that Petitioner Mother failed to follow through with a reasonable family case plan to rectify the conditions of abuse and neglect. The circuit court terminated Petitioner Mother's parental rights and granted her post-termination visitation, with a schedule to be determined by the children's custodian. It is from this order that Petitioner Mother now appeals.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights after she substantially completed her improvement period. Petitioner Mother further argues that her rights should not be terminated based on her lack of financial resources. We have held that, "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . .

---

[2]The record reveals that the individual has a lengthy criminal history; that he has a lengthy history with CPS; and that his own children were sexually abused by two different family members.

.' Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

As stated above, Petitioner Mother was adjudicated as an abusive and neglectful parent for failing to provide her children with the necessary food, clothing, and supervision, and a fit and habitable home. The record shows that while Petitioner Mother appeared to comply with some of the terms of her improvement period, she admitted that she left her children in the care of an inappropriate individual after being advised not to, and lied about complying with other services. A service provider noted that Petitioner Mother lacks motivation and skill to provide effective discipline to her children. The evidence also demonstrates that Petitioner Mother failed to comply with individualized therapy and anger management classes. This evidence constitutes a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future under West Virginia Code § 49-6-5(b)(3). Circuit courts are directed to terminate parental rights upon this finding and when termination is necessary for the children's welfare, pursuant to West Virginia Code § 49-6-5(a)(6).

Finally, Petitioner Mother argues that the circuit court erred in denying her post-termination visitation to the extent that the circuit court allowed post-termination visitation to be determined in the discretion of the children's custodian. Petitioner Mother represents that she has a close emotion bond with her children and regularly visited with her children during the underlying proceedings without any complications. We have previously stated that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 2, *In re Billy Joe M.,* 206 W.Va. 1, 521 S.E.2d 173 (1999).

Upon our review, the Court finds no error in the circuit court's decision to grant Petitioner Mother supervised post-termination visitation at the discretion of the children's custodian. Circuit courts may grant post-termination visitation if it considers that such a relationship is in the children's best interests and if it would not unreasonably interfere with their permanent placement. *See State ex rel. Amy M. v. Kaufman,* 196 W.Va. 251, 260, 470 S.E.2d 205, 214 (1996). In this case, Petitioner Mother failed to successfully complete her improvement period and admitted to allowing the children to be cared for by an inappropriate individual. However, the circuit court recognized the bond that Petitioner Mother had with her children and that it was in the children's best interest to grant Petitioner Mother supervised post-termination visitation to be determined in the discretion of the children's custodian. Clearly, the circuit court considered the history of the case and Petitioner Mother's bond with her children. Further, nothing in our statutory provisions or case law prevents a circuit court from allowing the

custodian to exercise discretion in regard to post-termination visitation, and we find no error in the circuit court's decision.

For the foregoing reasons, the circuit court's April 1, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II